IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK BUCHANAN, #R-60531,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00629-NJR |
| ) | |
| **MAC-SHANE FRANK,** ) | |
| **JEFFREY J. HOCH,** ) | |
| **and CAROL A. McBRIDE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

     This matter comes before the Court for consideration of Plaintiff Frederick Buchanan's amended complaint[1] (Doc. 8). Plaintiff, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 8) against three officials at Pinckneyville Correctional Center ("Pinckneyville"). He claims that these officials used excessive force against him on July 30, 2014, and transferred him to Menard following an unfair disciplinary hearing on false disciplinary charges on July 31, 2014 (Doc. 8, p. 3). Plaintiff now sues Defendants Mac-Shane Frank (lieutenant), Jeffrey Hoch (adjustment committee chairperson), and Carol McBride (adjustment committee member) for violating his Eighth and Fourteenth Amendment rights at Pinckneyville. He seeks monetary damages (Doc. 8-2, pp. 2-3).

---

[1] Plaintiff filed an unsigned complaint (Doc. 1) on June 8, 2015. The Court entered an Order (Doc. 6) striking the pleading the following day. *See* FED. R. CIV. P. 11. Plaintiff was required to file a properly signed amended complaint on or before July 9, 2015. The amended complaint (Doc. 8) complies with the Court's Order (Doc. 6) and is now ripe for review under 28 U.S.C. § 1915A.

**Amended Complaint**

On July 30, 2014, Officer Hastings,[2] a Pinckneyville correctional officer, informed Plaintiff that he would soon be sent to segregation (Doc. 8, p. 3). At the time, Plaintiff was housed in Pinckneyville's general population. He was given no reason for the decision.

Within minutes, Defendant Frank, a Pinckneyville lieutenant, appeared at Plaintiff's cell and told him to pack his property in preparation for the move (Doc. 8, pp. 3-4). Plaintiff was aware of a "vile and notorious history" of assaults targeting black and Latino inmates[3] at Pinckneyville, so he requested an escort to segregation by the "orange crush" tactical team "for safety and security reasons" (*Id.*). Defendant Frank denied Plaintiff's request and ordered him to "[e]ither cuff up now or get sprayed" (Doc. 8, p. 4). Plaintiff complied with the order.

Even so, Defendant Frank sprayed Plaintiff in the face with pepper spray. As Plaintiff stumbled backward in search of the sink, Defendant Frank and Officer Hastings prevented him from rinsing his face by slamming him onto the bottom bunk. The officers then cuffed Plaintiff so tightly that he lost circulation in his hands. In a "controlled state of rage," Defendant Frank proceeded to beat Plaintiff while he was handcuffed, pounding his body and throwing him against the walls and cell fixtures (Doc. 8, pp. 4, 6).

After removing Plaintiff from the cell, Defendant Frank, Officer Hastings, and several unknown officers led Plaintiff toward Pinckneyville's health care unit. As they did so, the officers used a "tactical arm-wrenching maneuver" that forced Plaintiff's cuffed arms upward

---

[2] Neither Officer Hastings nor the unidentified officers who escorted Plaintiff to segregation are named as defendants in this action, either in the case caption or in the list of defendants. Therefore, the Court will not treat these individuals as parties. *See* FED. R. CIV. P. 10 (title of complaint must "name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (for an individual to be considered a party under Rule 10, he must be "specif[ied] in the caption").

[3] Although the amended complaint alludes to race as being a motivating factor for some prisoner assaults at Pinckneyville, Plaintiff does not go on to claim that race motivated the use of excessive force against him on July 30, 2014. The amended complaint also mentions no race-based claim against any particular defendant.

and his head downward, causing extreme pain in his arms, back, and neck. The officers also threw Plaintiff against walls, dragged him down stairs, and slammed his face into three doors before exiting Housing Unit 3 (Doc. 8, p. 7). Plaintiff remained quiet during this incident because he feared for his life.

Outside of the R-3 Cell House, Defendant Frank slammed Plaintiff onto the concrete ground (Doc. 8, p. 8). Plaintiff sustained a shoulder and forearm injury, in the process of turning his body to avoid a head injury. Plaintiff was then "yanked" up off the ground and taken to the health care unit. When Plaintiff attempted to lift his head, Defendant Frank slammed Plaintiff onto the floor and used a closed fist to hit him in the back, neck, head, and shoulders. Defendant Frank and several other unknown officers then escorted Plaintiff to a sink and held his face under the water "as if to taunt or drown" him, while saying, "Got enough water mother*cker?" (Doc. 8, p. 9). This went on for several minutes.

After Plaintiff was assessed by medical staff, he was taken to a shower (Doc. 8, p. 10). There, Defendant Frank continued to beat Plaintiff, who eventually fell to the floor and broke his left thumb. When he asked for medical attention, Defendant Frank applied pressure to his thumb, causing more pain. Plaintiff's requests for medical attention were otherwise ignored.

Plaintiff learned the reason for his transfer after he was placed in segregation (Doc. 8-1, p. 7). He received a disciplinary ticket accusing him of sexual misconduct in connection with a female officer. This charge was ultimately dismissed. But Plaintiff was also charged with attempted staff assault, intimidation and/or threats, insolence, and disobeying a direct order (Doc. 8-1, p. 4; Doc. 8-3, p. 7). Plaintiff alleges that Defendant Frank issued this ticket in an effort to cover up his use of excessive force against Plaintiff.

On July 31, 2014, Plaintiff attended a disciplinary hearing before Pinckneyville's adjustment committee, which included Defendant Hoch and McBride. They denied his request to call witnesses, refused to grant him a continuance, and disregarded all exonerating evidence (Doc. 8-1, p. 4; Doc. 8-2, p. 1). He was ultimately found guilty of all disciplinary charges, except the sexual misconduct charge. Plaintiff was punished with a disciplinary transfer to Menard, a 1-year term in segregation, a 6-month term of no contact visits, a 3-month revocation of his good conduct credits, and demotion to C-grade status (Doc. 8-1, p. 9; Doc. 8-3, p. 8).

Following his transfer to Menard on July 31, 2014, Plaintiff was placed in segregation in Menard's North II Cell House (Doc. 8-1, p. 1). He immediately submitted a request for medical treatment for a suspected broken thumb. Plaintiff was not called to the health care unit until August 12, 2014. He was not diagnosed with a left metacarpal fracture until August 18, 2014, when he was referred to an outside orthopedic clinic. Plaintiff was placed in a hand and arm cast, prescribed pain medication, and put on a medical hold (Doc. 8-1, p. 2). Once back in Menard's health care unit, Plaintiff was placed in a cold cell without any clothing, personal property, or mattress.[4]

Plaintiff now sues Defendants Frank, Hoch, and McBride. According to the amended complaint, Defendant Frank used excessive force against him, in violation of the Eighth Amendment, and denied him medical treatment for the injuries he sustained as a result. Defendants Hoch and McBride violated his Fourteenth Amendment right to due process of law by conducting an unfair disciplinary hearing on false disciplinary charges that were leveled against him by Defendant Frank and another officer. Plaintiff seeks monetary damages for these Eighth and Fourteenth Amendment violations.

---

[4] The amended complaint names no defendants and sets forth no claims in connection with the events that transpired at Menard, following Plaintiff's transfer there on July 31, 2014.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the amended complaint survives preliminary review under Section 1915A.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* amended complaint as set forth below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Defendant Frank used excessive force against Plaintiff, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, when transferring him to segregation on July 30, 2014;

**Count 2:** Defendant Frank denied Plaintiff adequate medical treatment for the injuries he sustained on July 30, 2014, in violation of the Eighth Amendment; and

**Count 3:** Defendants Hoch and McBride deprived Plaintiff of a protected liberty interest without due process of law, in violation of the Fourteenth Amendment, when they found him guilty of false disciplinary charges following an unfair disciplinary hearing and punished him with a disciplinary transfer, placement in segregation, loss of good conduct credit, demotion to C-grade status, and loss of contact visits.

**Count 1 – Excessive Force**

Plaintiff sues Defendant Frank for using excessive force against him on July 30, 2014 (**Count 1**). On that date, Defendant Frank allegedly sprayed Plaintiff with pepper spray, cuffed him too tightly, and repeatedly beat him while transferring him from Pinckneyville's general population to segregation. At the time, Plaintiff was allegedly complying with Defendant Frank's orders. He sustained multiple injuries, including a broken finger, as result. These allegations support an Eighth Amendment excessive force claim against Defendant Frank.

The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners. The intentional use of excessive force by prison guards against an inmate without

penological justification constitutes cruel and unusual punishment under the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). It has long been recognized that the "core requirement" of an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). The amended complaint describes numerous examples of excessive force allegedly used by Defendant Frank on July 30, 2014, all of which warrant further review. Count 1 shall therefore proceed against Defendant Frank.[5]

**Count 2 – Deliberate Indifference to Medical Needs**

Plaintiff shall also be allowed to proceed with an Eighth Amendment denial of medical care claim (**Count 2**) against Defendant Frank. To state a claim, the amended complaint must allege that the Defendant Frank exhibited deliberate indifference toward Plaintiff's serious

---

[5] Count 1 is considered dismissed without prejudice against Defendants Hoch and McBride. These two defendants are not mentioned in connection with the excessive force claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Given the lack of allegations in the complaint suggesting that Defendants Hoch and McBride were personally involved in the use of excessive force against Plaintiff, Count 1 cannot proceed against either one of them.

medical needs.  *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  This claim involves a two-part inquiry: (1) Plaintiff must first show that his condition "was objectively serious;" and (2) Plaintiff must demonstrate that "state officials acted with deliberate indifference" to that condition.  *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

For screening purposes, Plaintiff has alleged the existence of one or more objectively serious medical conditions, in connection with Defendant Frank's use of excessive force against him on July 30, 2014.  A medical condition is serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would recognize the necessity for a doctor's attention.  *Gutierrez*, 111 F.3d at 1373.  Factors that suggest the presence of a serious medical condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1364.  The injuries that Plaintiff sustained on July 30, 2014, including a broken metacarpal, injured shoulder, injured forearm, etc., are suggestive of serious medical conditions.

To establish deliberate indifference, Plaintiff must demonstrate that prison officials "kn[e]w of and disregard[ed] an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]'" and "'draw[ing] the inference.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.  The allegations in

the amended complaint state a plausible deliberate indifference claim against Defendant Frank, who disregarded Plaintiff's explicit requests for medical attention following the events that occurred on July 30, 2014. As a result, Plaintiff did not receive a medical appointment for nearly two weeks or treatment for nearly three weeks—and only after he was transferred to Menard. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Under the circumstances, Count 2 shall receive further review.[6]

**Count 3 – Deprivation of Liberty Without Due Process**

Plaintiff cannot proceed with his due process claim (**Count 3**) at this time. This claim arises from Plaintiff's allegedly unfair disciplinary hearing that following the issuance of a false disciplinary ticket on July 30, 2014. The ticket charged Plaintiff with sexual misconduct, staff assault, intimidation or threats, insolence, and disobeying a direct order, followed by an allegedly unfair disciplinary hearing on July 31, 2014 (Doc. 8-3, p. 7). With the exception of the sexual misconduct charge, Plaintiff was found guilty of all rule violations at a disciplinary hearing on July 31, 2014. The sexual misconduct charge was "deleted." Plaintiff was punished with one year of C-grade, one year of segregation, three months of revoked good conduct credit, six months of contact visit restrictions, and a transfer to Menard (Doc. 8-3, p. 8). The amended complaint does not describe Plaintiff's efforts to appeal the adjustment committee's decision. Nevertheless, he seeks monetary damages to compensate him for a violation of his due process rights.

---

[6] Count 2 is considered dismissed without prejudice against Defendants Hoch and McBride, for the same reasons that Count 1 is considered dismissed against these same defendants.

Under *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994), a prisoner cannot bring a civil rights claim for money damages based on an allegedly unconstitutional disciplinary action that includes the revocation of good conduct credit, unless the disciplinary "conviction" is overturned or expunged. For purposes of *Heck*, a disciplinary action is equivalent to a conviction and sentence.

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis in original). *See also Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (*Heck* bar means that a plaintiff has no claim to pursue so long as the punishment imposed remains in force); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

In other words, Plaintiff cannot bring a claim challenging the disciplinary action taken against him because a judgment in his favor would "necessarily imply" that the disciplinary action is invalid. His civil rights claim ripens only when the disciplinary decision is reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006).

The deletion of the sexual misconduct charge does not satisfy this pre-condition. After all, Plaintiff was not punished for sexual misconduct because the charge was deleted. Plaintiff is challenging the entire disciplinary decision, based on his claim that he is innocent of all rule violations (and never should have been punished in the first place). Under the circumstances, Plaintiff's claim ripens when the entire disciplinary decision on all charges is invalidated.

And by all indications, the disciplinary decision rendered by Defendants Hoch and McBride on July 31, 2014, remains in full force and effect. Therefore, Plaintiff's due process claim as it relates to the ticket issued on July 30, 2015, is *Heck*-barred and must be dismissed. However, the dismissal shall be without prejudice to Plaintiff raising this claim, should he wish to do so, if and when the decision is overturned. *See Olive v. Wright*, Case No. 07-1031, 2007 WL 1832106, at *1 (C.D. Ill. June 25, 2007) (Plaintiff's claim that Defendants issued false disciplinary ticket in retaliation could not proceed because deciding the claim would require the Court to determine whether his disciplinary ticket was "invalid and based on improper motivation."); *West v. Shah*, Case No. 11-cv-3271, 2011 WL 3924164, at *3 (C.D. Ill. Sept. 7, 2011) (Plaintiff's claim regarding false disciplinary ticket could not stand because it implies that his good time credit should be restored).

Plaintiff may be able to challenge the disciplinary decision in a federal habeas corpus case, after presenting all of his claims to the Illinois courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14–101 *et seq*.; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). Again, if Plaintiff successfully challenges the disciplinary actions that resulted in the loss of good conduct credits, he may then refile this civil rights claim seeking money damages.

### Pending Motions

Plaintiff has filed two motions for leave to proceed *in forma pauperis* (Docs. 2, 10), which shall be addressed in a separate Order of the Court.

Plaintiff has also filed a motion for appointment of counsel (Doc. 9), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** in the amended complaint (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Further, **COUNTS 1** and **2** are **DISMISSED** without prejudice against Defendants Hoch and McBride for the same reason.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANT FRANK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for appointment of counsel (Doc. 9).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his applications to proceed *in forma pauperis* (Docs. 2, 10) are granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 15, 2015**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**